# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| ARTHUR MACHINERY, INC., | ) | |
| | ) | Case No. 09 B 11787 |
| Debtor. | ) | |
| | ) | |
| | ) | Judge Carol A. Doyle |
| ARTHUR MACHINERY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 00810 |
| | ) | |
| FAC CONSOLIDATED INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FROM THE BANKRUPTCY COURT TO THE DISTRICT COURT FOR ENTRY OF DEFAULT JUDGMENT

This adversary proceeding is before the bankruptcy court on the Motion of Plaintiff Arthur Machinery, Inc. For Entry of Default and Final Default Judgment Pursuant to Federal Rules of Civil Procedure 55(a) and 55(b) filed November 19, 1009. Arthur Machinery is a Chapter 11 debtor that filed this adversary to collect on a debt owed it by a customer, FAC Consolidated Industries, Inc. This action is not within the core jurisdiction of the bankruptcy court as defined in 28 U.S.C. § 157(b)(1) but it is within the "related" jurisdiction of the court pursuant to 28 U.S.C. § 157(a). In accordance with 28 U.S.C. § 157(c)(1), the bankruptcy court submits the following findings of fact and conclusions of law to the district court, which must enter all final judgments in matters over which the bankruptcy court has "related" jurisdiction.

**Findings of Fact**:

1. On September 1, 2009, the debtor, Arthur Machinery, Inc., filed this adversary proceeding against FAC Consolidated Industries. The complaint seeks recovery of $25,185.70 allegedly owed by FAC from the sale of equipment by Arthur Machinery to FAC.

2. The debtor served the summons and complaint on FAC's registered agent by First Class U.S. Mail on September 1, 2009 as authorized under Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure.

3. The answer was originally due on October 1, 2009 but the court extended the date to answer or otherwise plead to November 3, 2009 at the request of the plaintiff.

4. FAC failed to file an answer or otherwise plead by November 3, 2009. Arthur Machinery filed a motion for default judgment on November 19, 2009 that was presented on December 1, 2009. No one appeared on behalf of FAC at the hearing on the motion for default judgment on December 1, 2009. The court stated in open court on December 1, 2009 that it would enter proposed findings of fact and conclusions of law recommending that the district court enter a default judgment.

**Conclusions of Law**:

5. Under Rule 55(b)(1) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in the bankruptcy court by Rule 7055 of the Federal Rules of Bankruptcy Procedure, the clerk of the court may enter a default judgment if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Rule 7055-2 of the Local Rules of the Bankruptcy Court, however, provides that unless directed otherwise, the clerk shall not prepare or sign default judgments and that such judgments shall be presented to the court for entry. The plaintiff complied with Local Rule 7055-2 by filing its motion for a default judgment and seeking entry of the default judgment by the court.

6. In this case, the plaintiff claims a breach of contract with damages for a sum certain: $25,185.70.

7. The bankruptcy court recommends that the district court enter a default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure in the amount of $25,185.70 against defendant FAC Consolidated Industries Inc.

Dated: January 11, 2010

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge